IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Epilepsy Association of Utah, et al., <br><br> Plaintiffs, <br> v. <br> Gary R. Herbert, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REMAND, DENYING MOTION FOR ATTORNEY FEES AND DENYING MOTION TO DISMISS <br><br> Case No. 2:19-cv-360 DBP <br><br> Magistrate Judge Dustin B. Pead |

This case was removed from state court to this court by Defendants. (ECF No. 2.) The Complaint centers on the events surrounding Utah voters' approval of a citizens' initiative that legalized medical cannabis and the subsequent passing of House Bill 3001, which amended the Utah Medical Cannabis Act. The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C. § 636(c). (ECF No. 8.) The matter is before the court on Defendants' Motion to Dismiss the Amended Complaint (ECF No. 14) and Plaintiffs' Motion to Remand to State Court. (ECF No. 15.) As part of their motion Plaintiffs also move for attorney fees incurred from the removal of this case by Defendants. The court has carefully reviewed the memoranda submitted by the parties and relevant case law. After doing so, the court decides that under Local Rule 7-1(f), oral argument is unnecessary and the court will determine the motions on the basis of the written papers.

**BACKGROUND**

In the 2018 general election Utah voters approved a citizens' initiative that legalized medical cannabis. This initiative called Proposition 2, "vastly expanded access for patients to medical cannabis through a private … market" and authorized "the establishment of private facilities to grow, process, test, and sell medical cannabis." (Amended Complaint p. 5, ECF No.

2-5.) Prior to the law's effective date, Governor Gary R. Herbert called for a special session of the Utah Legislature. During this special session the legislature replaced the initiative with its own statute: House Bill 3001. H.B. 3001 changed some of the provisions originally found in Proposition 2. Plaintiffs bring this suit challenging the process by which H.B. 3001 was created asserting violations of the Utah Constitution including the people's legislative power. Plaintiffs further claim that H.B. 3001 is unconstitutional and preempted by federal law, the Controlled Substances Act, 21 U.S.C. § 801, et seq. (CSA) and the Drug-Free Workplace Act of 1988, 41 U.S.C. 81, et seq. (Drug-Free Workplace Act).

This case was removed by Defendants from state court on May 23, 2019, under 28 U.S.C. §§ 1441(a) and (c), and § 1446. In their Notice of Removal, Defendants provide that the initial Complaint was not removable because it only raised claims arising under Utah law. Plaintiffs' Amended Complaint, however, added a new cause of action that brought claims under federal law—the CSA and Drug-Free Workplace Act. Less than a month after removing this case to federal court, Defendants sought dismissal of the First Amended Complaint. Defendants argue that under Rule 12(b)(1), no Plaintiff has standing to assert either of the two claims for relief and under Rule 12(b)(6) Plaintiffs do not have a private right of action to assert their claims for relief. In response, Plaintiffs filed a Motion to Remand to state court along with a request for attorney fees.

**ANALYSIS**

This case presents an unusual circumstance. Defendants removed this matter to federal court and then twenty-five days later moved to dismiss Plaintiffs' First Amended Complaint because of a lack of standing and for failure to state a claim. Plaintiffs do not disagree with Defendants argument that they lack standing. In fact, Plaintiffs argue in their Motion to Remand

that because they lack Article III standing, this case should be remanded to state court. Therefore, neither party wants this matter to remain in federal court. The parties, however, draw opposite conclusions regarding what happens due to a lack of standing. Plaintiffs assert that without standing their case could not, and should not have been removed from state court. Defendants meanwhile justify removal and argue that dismissal is required for a lack of standing.

In similar fashion to neither party wanting to now be in federal court, neither party wants to carry the burden to establish jurisdiction in this court. Plaintiffs say Defendants bear this burden because they were the removing party. Defendants, in contrast, argue that "[a]s the parties trying to invoke this Court's limited jurisdiction, Plaintiffs have the burden to establish standing." ([ECF No. 14](#) p. 18.)

To top things off on the strangeness scale, Defendants recently filed a Suggestion of Mootness, noting that during a special legislative session held last month in September, the "Utah Legislature repealed the Challenged Provisions." ([ECF No. 27](#) p. 2.) Thus according to Defendants, with the sole federal claim resolved in Plaintiffs' First Amended Complaint, the court may now dismiss the Complaint and remand this case back to state court. Further, the Utah state courts are better prepared to resolve the remaining state constitutional claim. For example, the Utah Supreme Court recently resolved another case involving a related challenge to H.B. 3001. *See [Grant v. Herbert](#), 2009 UT 42, 2019 WL 3686642*. Plaintiffs do not agree with Defendants claiming the new amendments are still preempted by federal law, so their claim is not moot. With this backdrop, the court first turns to where it must, a determination of whether it has jurisdiction.

## I. The court lacks subject matter jurisdiction because Plaintiffs lack standing

Federal courts are courts of limited jurisdiction and "are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *United States v. Hays*, 515 U.S. 737, 742 (1995) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-31 (1990)) (citation omitted). The question of standing is not subject to waiver, *see id.*, and is a necessary threshold issue. *See The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011). "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). There are three elements that constitute the "irreducible constitutional minimum" of standing. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992). A "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks omitted). Where a plaintiff does not have Article III standing, a federal district court lacks subject-matter jurisdiction to hear his or her claims. *See Jepsen v. Texaco, Inc.*, 68 F.3d 483, 1995 WL 607630, at *2 (10th Cir. 1995) ("Lack of standing divests the court of subject matter jurisdiction ….").

Both Supreme Court and Tenth Circuit precedent establish that the party invoking federal jurisdiction is required to establish all aspects of jurisdiction, including Article III standing. *See Lujan*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these elements."); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) ("noting that the party asserting federal jurisdiction when it is challenged has the burden of establishing it"); *Nova Health Sys v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005) ("As the party seeking to invoke federal jurisdiction, the plaintiff (here Nova) has the burden of establishing

each of these three elements of Article III standing."). Here, this burden puts the parties in a procedurally awkward position. Defendants removed this action to federal court asserting a federal question and now challenge Article III standing. Plaintiffs argue that although they agree they lack standing, it is still Defendants burden to establish standing because they removed this case to federal court. Defendants counter that the burden is upon Plaintiffs noting that neither "the U.S. Supreme Court nor the Tenth Circuit have held that a removing defendant bears the burden of showing the plaintiff has standing." ([ECF No. 21](#) p. 1.) The court acknowledges that placing the burden on Defendants does create a conundrum. In order to avoid remand, Defendants are left with the need to establish that Plaintiffs suffered a sufficient injury for Article III standing purposes, while simultaneously arguing Plaintiffs lack standing. While the Supreme Court and the Tenth Circuit have not yet weighed in on this precise procedural oddity, there is persuasive authority from elsewhere and general principles that the court finds helpful.

First, in *[Collier v. SP Plus Corporation](#)*, 889 F.3d 894 (7th Cir. 2018), the Seventh Circuit held it was improper for a defendant who removes a case based on federal question jurisdiction to subsequently move to dismiss the case for a lack of Article III standing. On analogous procedural facts to the current dispute, the defendant in *Collier* removed to federal court and a week later moved to dismiss claiming the plaintiffs lacked Article III standing. The plaintiffs agreed they lacked standing and requested that the district court remand the case back to state court rather than dismiss the case. The district court denied the plaintiffs' request for a remand, concluded they lacked standing and after allowing time to amend the complaint, dismissed the complaint with prejudice when they failed to amend. On appeal, the Seventh Circuit disagreed with the district court noting that the party invoking federal jurisdiction is required to establish all aspects of jurisdiction, including Article III standing. *See [id.](#) at 896*.

Contrary to the defendant's arguments, removal to federal court did not wipe the slate clean allowing for a challenge to jurisdiction without facing the burden of establishing it as the removing party. Specifically, the court cited to Supreme Court precedent and the language of 28 U.S.C. § 1447(c), which governs procedures after removal. That section makes it clear that if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* at 896. Thus, remand and not dismissal was the appropriate action.

The awkward position a defendant may find themselves in by removing, and then challenging standing, was subsequently noted by the Northern District of Illinois in *Howe v. Speedway*, 2018 WL 2445541 (N.D. Ill. May 31, 2018). The *Howe* court cited to the *Collier* decision in concluding it was the defendants burden to establish Article III standing while simultaneously arguing the plaintiff lacked statutory standing. Any awkwardness did not alter the burden.

In *DaimlerChrysler Corp. v. Cuno*, 547 U.S. at 342, the Supreme Court set forth the commonly recognized principles behind establishing jurisdiction. The court stated that "[b]ecause defendants removed the case from state court to District Court, plaintiffs were not initially the parties that invoked federal jurisdiction. [Nonetheless] the party asserting federal jurisdiction when it is challenged has the burden of establishing it." Ultimately the plaintiffs in *DaimlerChriysler* tried to establish federal jurisdiction although they were not the initial party that invoked federal jurisdiction. From these principles it logically follows that if the defendants remove a case to federal court and initially invoke federal jurisdiction, it remains the defendants burden to establish federal jurisdiction when a plaintiff declines to do so because the "party invoking federal jurisdiction bears the burden of establishing it." *Id.*

6

The court is persuaded by these authorities and finds it is Defendants burden to establish that Plaintiffs have Article III standing. Defendants have failed to meet this burden and Plaintiffs agree that they lack standing. Thus, this court lacks subject matter jurisdiction. Having determined the court lacks subject matter jurisdiction, the court turns to whether it should remand or dismiss this matter.

## II. The court will remand this case to state court

Defendants argue this matter should be dismissed and point to the distinctions between subject matter jurisdiction and standing as support for dismissal. Importantly, they are separate questions and should not be conflated. The court agrees that they are separate questions. However, this does not mandate dismissal. The Tenth Circuit addressed similar arguments in *Hill v. Venderbilt Capital Advisors, LLC*, 702 F.3d 1220 (10th Cir. 2012). In *Hill* the plaintiffs sought review of an order remanding the suit back to New Mexico state court. On appeal the Tenth Circuit questioned its own jurisdiction to review the matter and in doing so found unpersuasive the plaintiffs' arguments that standing and subject matter jurisdiction as distinct issues afforded jurisdiction and warranted dismissal. The court noted that it has "repeatedly characterized standing as an element of subject matter jurisdiction" and cited to numerous other courts which have agreed that remand, rather than dismissal, is the proper course when a court reaches the conclusion that a plaintiff lacks standing in a removed case. *Id.* at 1225. *See Coyne ex rel. Ohio v. Am. Tobacco Co.,* 183 F.3d 488, 496 (6th Cir.1999) ("[W]e find that Plaintiffs do not have standing to bring this action.... Accordingly, this Court lacks subject matter jurisdiction and this action must be remanded to the state court from which it was removed [pursuant to § 1447(c)]."); *Wheeler v. Travelers Ins. Co.,* 22 F.3d 534, 540 (3d Cir.1994) ("Our conclusion does not require us to dismiss the case, for a determination that there is no standing does not extinguish a

7

removed state court case. Rather, federal law only requires us to remand ... to state court [pursuant to § 1447(c)]." (quotations and alterations omitted)); *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Servs.,* 876 F.2d 1051, 1053–54 (1st Cir.1989) ("The district court determined that [plaintiff] did not fulfill the minimal, constitutional requirements for standing.... This is a determination that the district court lacked subject matter jurisdiction. Hence, the literal words of [§ 1447(c)] ... require the court to remand the case."); *Barnes v. ARYZTA, LLC*, 288 F.Supp.3d 834, 839-40 (N.D. Ill. 2017) (granting the plaintiff's motion to remand to state court where the defendant failed to show federal jurisdiction). The Tenth Circuit also took the same position of remand instead of dismissal in a prior unpublished case. *See Jepsen v. Texaco, Inc.,* 1995 WL 607630, at *2 (10th Cir.1995) ("Lack of standing divests the court of subject matter jurisdiction, and therefore, upon determining that [plaintiff] lacked standing to bring his suit, the court should have remanded the matter to state court pursuant to [§ ] 1447(c).").

Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). Lack of standing divests the court of subject matter jurisdiction, and therefore, under the plain language of the statue, the court will remand the matter to state court. The court has reviewed Defendants cited authorities and finds them unpersuasive in light of Tenth Circuit precedent and § 1447(c). The court therefore will grant Plaintiffs Motion to Remand and Deny Defendants Motion to Dismiss. *See e.g., Mocek v. Allsaints USA Ltd.*, 220 F.Supp.3d 910, 911-12 (N.D. Ill. 2016) (remanding a case back to state court where neither side sought to establish jurisdiction).
8

### III. The court denies Plaintiffs' request for attorney fees and declines to act on Defendants suggestion of mootness

Section 1447(c) provides that an "order remanding the case <u>may</u> require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). Plaintiff seeks attorney fees arguing Defendants contrary positions of asserting federal jurisdiction and then shortly thereafter disavowing federal jurisdiction warrants an award. Such a "dubious strategy has resulted in a significant waste of federal judicial resources, most of which was avoidable." (ECF No. 15 p. 9 citing *Collier*, 889 F.3d at 897.) The court agrees that Defendants' strategy is questionable. Nonetheless, Plaintiffs also present contrary positions. Plaintiffs argue the Controlled Substance Act (CSA), 21 U.S.C. § 841 et seq., preempts the changes made to the Utah Medical Cannabis Act. The CSA, however, also "prohibits the use, distribution, possession, or cultivation of any marijuana." *United States v. McIntosh*, 833 F.3d 1163, 1176 (9th Cir. 2016). Thus, the CSA runs counter to Plaintiffs own objectives in the suit against the State of Utah. This contrary position undermines any request for attorney fees under Section 1447(c).

Finally, Defendants filed a Suggestion of Mootness on the docket, (ECF No. 27), arguing the recent changes enacted by the Utah Legislature have mooted Plaintiffs' second claim for relief. The court declines to consider mootness because it has already determined that it lacks subject matter jurisdiction and must remand this matter to state court.

### ORDER

For the aforementioned reasons the court DENIES Defendants' Motion to Dismiss and GRANTS Plaintiffs' Motion to Remand. Plaintiffs' request for attorney fees is DENIED and this matter is hereby remanded to state court.

IT IS SO ORDERED.

DATED this 17 October 2019.

_____
Dustin B. Pead
United States Magistrate Judge