IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Epilepsy Association of Utah, et al.,<br><br>Plaintiffs,<br>v.<br>Gary R. Herbert, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION AND CLOSING CASE<br><br>Case No. 2:19-cv-360 DBP<br><br>Magistrate Judge Dustin B. Pead |

On October 17, 2019, the court entered a memorandum decision and order granting Plaintiffs' Motion to Remand to State Court, denying Defendants' Motion to Dismiss and denying Plaintiffs' request for attorney fees. (ECF No. 29.) Plaintiffs now move the court to reconsider its decision, or in the alternative to correct it. (ECF No. 30.) The court will deny the motion.

"A motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, *Clough v. Rush*, 959 F.2d 182, 186 n. 4 (10th Cir.1992), may be construed in one of two ways: if filed within [28] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than [28] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Computerized Thermal Imaging, Inc. v. Bloomberg*, L.P., 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002). In their initial moving papers Plaintiffs did not cite to any Federal Rule in support of their motion for reconsideration or correction, such as Rule 59 or Rule 60. *See* Fed. R. Civ. P. 59, Fed. R. Civ. P. 60. In response to Defendants arguments against reconsideration, (ECF No. 32), Plaintiffs do invoke both Rule 59 and Rule 60. Under either Rule the court is not persuaded to disturb its decision.

The court first considers whether it can even review its decision to remand. Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." 28 U.S.C. § 1447(d). The Tenth Circuit has stated that "While the statutory bar in 28 U.S.C. § 1447(d) limiting our review of a district court's remand order is seemingly broad, it has been construed to apply only to remands based on lack of subject matter jurisdiction or on a timely raised defect in removal procedure." *W. Ins. Co. v. A & H Ins., Inc.*, 784 F.3d 725, 728, 2015 WL 1867300 (10th Cir. 2015). In the order remanding this matter to state court, the court determined that it lacks subject matter jurisdiction because Plaintiffs lack standing. Thus, it appears a review of the court's prior order pursuant to either Rule 59 or Rule 60 is somewhat suspect under the "on appeal or otherwise" language found in Section 1447(d). However, even if the court undertakes such a review Plaintiffs arguments fail.

Plaintiffs seek to draw a distinction between the language used in the court's decision and their arguments. Specifically, Plaintiffs cite to the court's statement that "Plaintiffs argue in their Motion to Remand that because they lack Article III standing, this case should be remanded to state court." Plaintiffs seek to clarify their position arguing that "(1) since Defendants removed this case from state court to federal court, Defendants have the burden of establishing subject matter jurisdiction and (2) since Defendants failed to meet that burden, the Court must remand the case to state court." (ECF No. 30 p. 2-3.) This is a distinction without a difference as the result is the same. The primary case relied on by this court and asserted by Plaintiffs in their arguments, involved facts where the plaintiffs agreed they lacked standing. *See, e.g., Collier v. SP Plus Corporation*, 889 F.3d 894 (7th Cir. 2018) (remanding matter to state court where it was improper for the defendant to remove to federal court and the plaintiffs agreed they lacked

standing). The matter is remanded to state court because neither side establishes jurisdiction. Thus, there is no need to correct the court's decision.

Next, in their motion for reconsideration Plaintiffs again seek attorney fees arguing an award is appropriate because of the objective unreasonableness of Defendants' removal of this case. As noted by the court in its decision, section 1447(c) provides that an "order remanding the case <u>may</u> require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). The use of the term "may" provides discretion to the court. Based on the circumstances of this case the court already denied Plaintiffs' attorney fees request and Plaintiffs do not offer any persuasive grounds to change the prior decision. Moreover, although Defendants removal is characterized as "questionable" by the court, there is no direct controlling case-law in the Tenth Circuit involving the procedural scenario this case presented. As such, the court finds this matter does not warrant the awarding of attorney fees. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (stating that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

## ORDER

Plaintiffs' Motion for Reconsideration, or in the alternative, for Correction is DENIED. The Clerk of the Court is directed to close this case and this matter is remanded to state court as directed in the court's prior order.

IT IS SO ORDERED.

DATED this 25 October 2019.

_____
Dustin B. Pead
United States Magistrate Judge